Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com

**Patrick Edmund Fitzmaurice**
patrick.fitzmaurice@troutman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/23/2018

May 23, 2018

**VIA ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**MEMORANDUM ENDORSED**

Re: XXIII Capital Limited v. Decade, S.A.C., LLC et al., No. 17 Civ. 6910 (GHW)

Dear Judge Woods:

    We represent Plaintiff XXIII Capital Limited ("XXIII") in this case, and write in accordance with Rules 1.A and 2.C.i of Your Honor's Individual Rules of Practice to request a pre-motion conference in connection with XXIII's proposed Motion to Intervene in the Order to Show Cause for a Default Judgment Against Corporate Decade Defendants (the "Order to Show Cause") filed by defendants and cross-claim plaintiffs, Aaron Goodwin and Eric Goodwin (together, the "Goodwins"). The Order to Show Cause asks the Court to enter a declaratory judgment that the Share Purchase Agreement (the "SPA") between the Goodwins and defendants Decade S.A.C. Contracts, LLC and Decade S.A.C., LLC (together, "Purchasers") is void *ab initio*.

    XXIII is a not a party to the Goodwins' cross-claim against the Corporate Decade Defendants, nor is it a party to the Order to Show Cause which states that only the Corporate Decade Defendants "shall file and serve all answering papers, if any, on or before May 25, 2018." (Docket #199). Regardless of whether the Corporate Decade Defendants file any answering papers, they do not adequately represent XXIII's interests as respects the SPA.

    By way of background, a portion of XXIII's loan to Decade[1] was used by the Purchasers to acquire 100% of the shares of defendants Goodwin Associates Management Enterprises, Inc. ("GAME") and Goodwin Sports Management, Inc. ("GSM"). That purchase was documented by the SPA, among other agreements, and Purchasers pledged their interest in and rights under the SPA to XXIII as collateral for the loan. Purchasers also pledged the shares of GAME and GSM that they acquired from the Goodwins. XXIII's collateral also includes the Material Contracts and

---

[1] Capitalized terms not defined in this letter have the meaning given them in the Amended Complaint. (Docket #13).



associated Payments pledged to it by GAME and GSM to secure the loan.

1. **XXIII Should be Permitted to Intervene as of Right**

Intervention as of right under Fed.R.Civ.P. 24(a) is permitted where the party seeking to intervene: (i) files a timely motion; (ii) claims an interest relating to the property or transaction that is the subject of the action; (iii) such interest may be impaired by the action; and (iv) can show that its interest is not adequately represented by existing parties. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). XXIII's request meets each of these elements as: (i) the Order to Show Cause was filed on May 17, opposition papers are due May 25 and the hearing will be held on June 4. XXIII is prepared to immediately file its motion to intervene and opposition to the Order to Show Cause so as not to delay the June 4 hearing; (ii) XXIII has an interest in the subject matter of the Order to Show Cause because the motion seeks a declaratory judgment that will void significant portions of the collateral for XXIII's loan to Decade; (iii) XXIII's interest in the SPA, the shares, the Material Contracts and the Payments will be impacted by the Order to Show Cause because a granting of the motion will void XXIII's interest in that collateral; and (iv) XXIII's interests are not adequately represented by the Corporate Decade Defendants for a number of reasons, but most notably because those parties are in default for failure to retain counsel and are unlikely to oppose the Order to Show Cause.

2. **In the Alternative, XXIII Requests Permission to Intervene Under Fed.R.Civ.P. 24(b)**

Permissive intervention requires a timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b). XXIII's claims share common questions of law and fact with the Order to Show Cause. These relate to the validity and enforceability of the SPA and the parties' respective rights under that agreement. Also, intervention would not unduly delay or prejudice the rights of the Goodwins or the Corporate Decade Defendants as XXIII is prepared to immediately file its motion to intervene and opposition to the Order to Show Cause (which it will file initially as an exhibit to the motion to intervene).

I have contacted counsel for the Goodwins regarding this letter and did not receive a response from them.

Respectfully submitted,

*/s/ Patrick E. Fitzmaurice*

Patrick E. Fitzmaurice

---

Application granted in part and denied in part. Plaintiff's request for a pre-motion conference regarding a proposed motion to intervene, Dkt. No. 205, is inapposite because Plaintiff is already a party to this action. Accordingly, that request is denied. Plaintiff's request to file an opposition to the Order to Show Cause, Dkt. No. 199, is granted. Such opposition is due no later than May 25, 2018. The Goodwin Defendants' reply, if any, is due no later than May 29, 2018. The Clerk of Court is directed to send a copy of this order to Christopher Aden and Dorsey James by certified mail and by regular, first-class mail.

SO ORDERED.

Dated: May 23, 2018
New York, New York

_____
GREGORY H. WOODS
United States District Judge